UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL LONGSHAW, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ELISA CHINN-GARY, Clerk of Superior Court of Mecklenburg County, North Carolina, in her individual and official capacities. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) |

## COMPLAINT

COMES NOW Plaintiff Michael Longshaw, on behalf of himself and others similarly situated, by and through undersigned counsel, and does hereby allege and complain of Defendant Elisa Chinn-Gary as follows:

### Background

1. This is an action pursuant to 42 U.S.C. § 1983.

2. The Mecklenburg County, North Carolina Clerk of Superior Court engages in the pattern and practice of falsely creating a misdemeanor charge and adjudication that is placed into the official criminal history of any person who petitions the Mecklenburg County Superior Court for removal from the North Carolina Sex Offender Registry (the "Registry").

3. This action is in violation of Plaintiff's rights guaranteed under the Fourteenth Amendment of the United States Constitution as well as state defamation laws.

4. Plaintiff, on behalf of himself and others similarly situated, seeks declaratory and injunctive relief as well as damages.

## Jurisdiction and Venue

5. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.

6. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1334. Plaintiff seeks redress for deprivation of rights secured by the U.S. Constitution.

7. Supplemental jurisdiction over state-law claims is proper under 28 U.S.C. § 1367.

8. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b). By information and belief, the Defendant resides in the Western District of North Carolina.

9. The relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

## Plaintiff

10. Michael Longshaw is a resident of Mecklenburg County, North Carolina.

11. Pursuant to the policy and pattern and practice of the Mecklenburg County Clerk of Superior Court, Mr. Longshaw's official criminal record was falsely amended to create a misdemeanor charge and adjudication on each occasion he petitioned the Mecklenburg County Superior Court to be removed from the Registry.

12. As a result of this action, Mr. Longshaw's official criminal history reflects charges and adjudications for which he has not been afforded any process.

13. As this is Mr. Longshaw's official criminal history, the false charges and adjudications substantively change his legal status in relation to state and local governmental entities.

14. A judgment in Mr. Longshaw's favor would redress these injuries by requiring Defendant to correct his criminal record.

### Defendant

15. Ms. Elisa Chinn-Gary is the Clerk of Superior Court of Mecklenburg County.

16. The Clerk of Superior Court of Mecklenburg County is an employee of the State of North Carolina.

17. The Office of the Clerk of Superior Court of Mecklenburg County, North Carolina operates under the authority of and at the direction of Ms. Elisa Chinn-Gary.

18. Ms. Elisa Chinn-Gary, under color of state law, has established or has continued to engage in an existing policy of falsely creating an official record of a misdemeanor charge and adjudication whenever a person petitions the Mecklenburg County Superior Court to be removed from the Registry.

19. The Office of the Clerk of Superior Court of Mecklenburg County, North Carolina engages in a pattern and practice of falsely creating an official record of a misdemeanor charge and adjudication whenever a person petitions the Mecklenburg County Superior Court to be removed from the Registry.

20. Ms. Chinn-Gary is sued in both her individual and official capacities.

## Class Representation Allegations

21. Pursuant to Federal Rule of Civil Procedure 23, this action is brought on behalf of all persons who have petitioned to be removed from the Registry and thereby had false criminal records created as described above.

22. The Class consists of all persons who have petitioned the Mecklenburg County Superior Court for termination of the requirement to register as a sex offender in North Carolina and who, because of that petition, have had false criminal records created.

23. By information and belief, this Class of persons is so numerous that joinder is impractical.

24. By information and belief, there are more than one hundred (100) persons in this Class.

25. The material questions of law and fact are common to the members of the Class.

26. Each member brings a common claim: Denial of due process in that the Clerk of Superior Court of Mecklenburg County, North Carolina falsely created a criminal record of charges and adjudications, and thereby subjected them to the legal consequences of having such charges and adjudications, when there was no such charge or adjudication.

27. Plaintiff Michael Longshaw, the Class Representative, herein brings a claim typical of the claims of the class.

28. Plaintiff Michael Longshaw will fairly and adequately protect the interests of the class.

29. The common questions of law and substantial similarity of facts predominate over any question of law or fact affecting only individual members of the Class.

30. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31. The Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

32. Adjudications with respect to individual class members would be, as a practical matter, dispositive of the interests of other members not parties to the individual adjudications.

33. Questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Factual Allegations

34. Michael Longshaw was placed on the North Carolina Sex Offender Registry in 2006 by order of the Mecklenburg County Sheriff.

35. In 2016, Mr. Longshaw petitioned the Mecklenburg County Superior Court for termination of his registration requirement.

36. This petition was denied.

37. In 2021, Mr. Longshaw again petitioned the Mecklenburg County Superior Court for termination of his registration requirement.

38. At that time, the Court determined that Mr. Longshaw was (and had been) erroneously registered in that he had no criminal conviction requiring registration in North Carolina.

39. The court ordered Mr. Longshaw removed from the Registry.

40. On or about August 8, 2023, Mr. Longshaw applied for a job.

41. Pursuant to this application, his prospective employer conducted a background check on him.

42. That background check indicated that Mr. Longshaw had two misdemeanor charges and adjudications in Mecklenburg County, dated December 2, 2016, and October 16, 2021, respectively.

43. This information is false.

44. Due to the false misdemeanor charge and adjudication on his criminal record, Mr. Longshaw was denied employment by this employer.

45. Upon inquiry at the Mecklenburg County Clerk of Court's office, Mr. Longshaw was informed that he did have two misdemeanor charges and adjudications in the Mecklenburg County Superior Court.

46. Mr. Longshaw was told by agents of the Mecklenburg County Clerk of Court that Mecklenburg County has a pattern and practice of placing a criminal charge and adjudication in an individual's records when that person petitions to be removed from the Registry.

47. Mr. Longshaw was told that, in order to remove these false criminal charges and adjudications from his criminal record, he would have to attempt to have them expunged through judicial process at his own expense.

48. Review of court records shows that it is a pattern and practice of the Mecklenburg County Clerk of Court's Office to place a criminal charge and

adjudication in an individual's criminal record when that person submits a petition to be removed from the Registry.

49. By information and belief, it is the policy of the Mecklenburg County Clerk of Court to place a criminal charge and adjudication in an individual's criminal record when that person submits a petition to be removed from the Registry.

50. The recording of a criminal charge and adjudication in an individual's official criminal record alters the individual's legal status.

51. By so placing a criminal charge and adjudication in the individual's criminal record, the Mecklenburg County Clerk of Court subjects such individual to the legal consequences of having such charge and adjudication.

52. Official criminal records, of the kind created by the Mecklenburg County Clerk of Court, are routinely relied upon by state, local, and private actors in determining an individual's eligibility for, and in making determinations about, the award of rights, benefits, and legal and financial entitlements.

## Causes of Action

### FIRST CLAIM FOR RELIEF

**THE PRACTICE OF PLACING A CRIMINAL CHARGE AND ADJUDICATION IN A PERSON'S CRIMINAL RECORD WHEN THEY HAVE NOT BEEN SO CHARGED AND ADJUDICATED VIOLATES THE INDIVIDUAL'S PROCEDURAL DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

53. Plaintiff realleges and incorporates each preceding numbered allegation as if fully set forth herein.

54. Defendant, an employee of the state acting under color of law, has falsely created criminal charges and adjudications in the official criminal histories of the individual Plaintiff and the plaintiff class.

55. These false criminal charges and adjudications cause reputational harm to the individual Plaintiff and the plaintiff class.

56. These false criminal charges and adjudications alter the legal status and rights of the individual Plaintiff and the plaintiff class.

57. Neither the individual Plaintiff nor any member of the plaintiff class was given notice or an opportunity to be heard prior to the creation of the false criminal charges and adjudications.

58. Defendant is sued for the deprivation of procedural rights in both her individual and official capacities.

## SECOND CLAIM FOR RELIEF

### THE PRACTICE OF PLACING A CRIMINAL CHARGE AND ADJUDICATION IN A PERSON'S CRIMINAL RECORD WHEN THEY HAVE NOT BEEN SO CHARGED AND ADJUDICATED VIOLATES THE INDIVIDUAL'S SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

59. Plaintiff realleges and incorporates each preceding numbered allegation as if fully set forth herein.

60. Defendant has abrogated to herself the authority to create, and has created, with no process whatsoever, an official record of criminal activity for the express purpose of injuring the plaintiff class.

61. Such conduct by a public official shocks the conscience.

62. Both the individual Plaintiff and the members of the plaintiff class have been injured by Defendant's action.

63. Defendant is sued for the deprivation of substantive rights in both her individual and official capacities.

## THIRD CLAIM FOR RELIEF
### DEFAMATION UNDER NORTH CAROLINA STATE LAW

64. Plaintiff realleges and incorporates each preceding numbered allegation as if fully set forth herein.

65. Defendant has made defamatory statements about the individual plaintiff and the members of the class – to wit, that they have been charged with a misdemeanor offense and that offense has been adjudicated by the court.

66. These statements are false.

67. At the time of making them, Defendant knew them to be false.

68. These statements were published to third persons – to wit, they were made part of the individuals' official criminal histories.

69. The statements made by Defendants are defamation <u>per se</u>.

70. The individual Plaintiff suffered lost income due to Defendant's statement.

71. Defendant's conduct in making these statements was "willful and wanton" within the meaning of North Carolina General Statute § 1D-5(7) – to wit, these comments were made with conscious and intentional disregard for the rights of the individual Plaintiff and the members of the class and with the specific intent to harm the individual Plaintiff and the members of the class.

72. Defendant is sued for defamation under North Carolina state law in both her individual and official capacities.

## Prayer for Relief

WHEREFORE, Plaintiff, prays for the following:

(1) That a declaratory judgment be issued that the policy and practice of falsely imposing a criminal charge and adjudication on the individual Plaintiff and the members of the class is a violation of such persons' due

11

process rights under the Fourteenth Amendment of the United States Constitution;

(2) That a declaratory judgment be issued that Defendant is liable for the tort of defamation under North Carolina state law.

(3) A permanent injunction enjoining Defendant from so imposing such false criminal charges and adjudications;

(4) An Order directing the Defendant to remove all such false criminal charges and adjudications from the criminal histories of the individual Plaintiff and the members of the plaintiff class;

(5) An award of nominal and compensatory damages;

(6) An award of punitive damages;

(7) An award of attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988.

(8) Any further equitable or other relief that the Court deems appropriate.

Respectfully submitted this is the 14th day of November 2023.

/s/ Paul Dubbeling
Paul Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 260-1615 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@gmail.com
NC Bar # 47014

12